UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD MANN,<br><br>        Plaintiff,<br><br>    v.<br><br>META PLATFORMS INC.,<br><br>        Defendant. | Case No. 24-cv-09348-DMR<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL** |

    Self-represented Plaintiff Gerald Mann filed a complaint and an application for leave to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 3.] The complaint alleges claims for breach of contract and professional negligence against Defendant Meta Platforms Inc. ("Meta") related to Mann's exposure to certain content on Facebook.

    Mann alleges that, while scrolling on the Facebook App, he "was sent multiple invites to join a Chrystal Meth Club, and a Chrystal Meth Whore Club," which depicted pictures "of meth pipes and actual methamphetamines bags," and also included "[e]xtremely disturbing" imagery suggesting "illegal business" having to do with a "shady looking drug dealer/ pimp type figure hiding in the background[.]" [Docket No. 1 ("Compl.") ¶ 6; *see also id.* at 5 ("[F]acebook then bagan [sic] sending me invites for meth whore clubs and Chrystal meth clubs.").] Mann, "a recovered drug addict," alleges that this "unlawful, immoral, and unethical behavior" is contrary to Meta's terms of service because Meta "stat[ed] that their product is 'not to be used for any unlawful purposes, or assist someone else in usinng [sic] their products in such a way, or at the expense of the safety and well being of others or the integrity of the community.'" [*Id.* ¶ 7.]

    The court considers Mann's complaint and IFP application pursuant to 28 U.S.C. § 1915(a). A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable

to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). The court's grant of a plaintiff's application to proceed IFP, however, does not mean that a plaintiff may continue to prosecute the complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Having evaluated Mann's financial affidavit, the court finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and grants his application to proceed IFP.

Mann's allegations suggest he is trying to hold Meta liable for exposing him to third-party content published on Facebook. As such, Mann's claims may well be barred by section 230 of the Communications Decency Act of 1996. Section 230 provides: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The statute further provides: "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3).

"The purpose of § 230(c) immunity is to spare interactive computer service providers the 'grim choice' of becoming fully responsible for third-party content 'by allowing them to perform some editing on user-generated content without thereby becoming liable for all defamatory or otherwise unlawful messages that they didn't edit or delete.'" *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1065 (N.D. Cal. 2016) (quoting *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1163 (9th Cir. 2008) (en banc)). "In short, § 230 protects apps and websites which receive content posted by third-party users (i.e., Facebook, Instagram, Snapchat, LinkedIn, etc.) from liability for any of the content posted on their services, even if they take it upon themselves to establish a moderation or filtering system, however imperfect it proves

to be." *Estate of Bride v. Yolo Techs., Inc.*, 112 F.4th 1168, 1175-76 (9th Cir. 2024).

"Broken into elements, § 230(c) will require dismissal of [Mann]'s state law claims if: (1) [Meta] is a provider or user of an interactive computer service, (2) the information for which [Mann] seeks to hold [Meta] liable was information provided by another information content provider, and (3) the complaint seeks to hold [Meta] as the publisher or speaker of that information." *Caraccioli*, 167 F. Supp. 3d at 1065 (internal quotation marks and citations omitted). As to the first element, courts regularly find that Meta and Facebook are providers of interactive computer services. *See, e.g.*, *Calise v. Meta Platforms*, 103 F.4th 732, 738 (9th Cir. 2024) ("All agree that Meta is an interactive computer service provider under the statute."); *Caraccioli*, 167 F. Supp. 3d at 1065 (collecting cases reflecting same for Facebook). As to the second element, although Mann does not explain who created the offending content, he appears to allege that the meth-related information for which he is trying to hold Meta liable was created by other Facebook users even if it was "sent" to him by Meta/Facebook or otherwise displayed "on [his] personal feed." [Compl. ¶¶ 6, 7.]

For the third element of the section 230 bar, "publication involves reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009) (citing *Roommates*, 521 F.3d at 1170-71). Because "removing content is something publishers do, [] to impose liability on the basis of such conduct necessarily involves treating the liable party as a publisher of the content it failed to remove." *Id.* at 1103 (citation omitted). A court's "analysis, therefore, 'asks whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a publisher or speaker. If it does, section 230(c)(1) precludes liability.'" *Estate of Bride*, 112 F.4th at 1176 (quoting *Barnes*, 570 F.3d at 1102).

In analyzing this duty, a court must consider two questions: "First, what is the 'right' from which the duty springs? If it springs from something separate from the defendant's status as a publisher, such as from an agreement, or from obligations the defendant has in a different capacity, then § 230(c)(1) does not apply." *Calise*, 103 F.4th at 742 (citations omitted). "Second, [courts] ask what is this duty requiring the defendant to do? If it obliges the defendant to 'monitor

third-party content'—or else face liability—then that too is barred by § 230(c)(1)." *Id.* (citation omitted).

For example, in *Barnes*, plaintiff sued Yahoo after her ex-boyfriend created profiles using her nude photographs, she complained to Yahoo and requested removal of the material, and Yahoo promised to remove them but did not. *See* 570 F.3d at 1098-99. The court agreed that section 230(c)(1) barred her claim for negligent undertaking but reversed the district court's dismissal of her claim for promissory estoppel because Yahoo had specifically promised that it would remove the nude photographs, and Barnes relied on this promise to her detriment. *See id.* at 1107-08. More recently, in *Estate of Bride*, the court determined that section 230 did not bar plaintiffs' misrepresentation claims seeking enforcement of a promise by a defendant that "repeatedly informed users that it would unmask and ban users who violated the terms of service" but "never did so, and may have never intended to[.]" 112 F.4th at 1179. The court was careful to note that its decision did not "make all violations of [internet companies'] own terms of service into actionable claims." 112 F.4th at 1182. But the court was clear that "[s]ection 230 prohibits holding companies responsible for moderating or failing to moderate content. It does not immunize them from breaking their promises." *Id.*

Here, Mann alleges that Meta "stat[ed] that their product is 'not to be used for any unlawful purposes, or assist someone else in usinng [sic] their products in such a way, or at the expense of the safety and well being of others or the integrity of the community.'" [Compl. ¶ 7.] Even assuming this language came from Meta's terms of service, it is not a "promise" by Meta to take any particular action. Indeed, the language that Facebook "is not to be used for any unlawful purposes" suggests that these terms apply to the Facebook users who posted the offending content and was not a promise made to Mann at all. Unless Mann can point to specific promises in the terms of service or elsewhere, establishing a contractual or legal duty, Meta's failure to remove meth-related third-party content arises from Meta's status as a publisher and would require Meta to monitor (and more effectively remove) such content. This theory of liability is barred by section 230. *See Calise*, 103 F.4th at 742 (citations omitted).

As it is not clear that Mann's complaint can overcome section 230, by no later than **May**

4

1  **12, 2025**, Mann shall explain in writing why this case should not be dismissed.  If Mann fails to
2  respond by that date, the court may prepare a report and recommendation for a United States
3  district judge and recommend that the case be dismissed.
4  　　　　The court refers Plaintiff to the section "Representing Yourself" on the Court's website,
5  located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for
6  unrepresented parties.  Parties may schedule an appointment by calling 415-782-8982 or emailing
7  fedpro@sfbar.org.

9  　　**IT IS SO ORDERED.**
10  Dated: April 11, 2025



　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　DONNA M. RYU
　　　　　　　　　　　　　　　　　　　　　　　　Chief Magistrate Judge